JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. It is
ORDERED AND ADJUDGED that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.
*881 Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for reheai’ing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.
MEMORANDUM
Even if Appellant were able to demonstrate deficient performance on the part of defense counsel in not questioning the Government’s statements as to the relevant sentencing range, the record conclusively shows that Appellant has suffered no prejudice. Moreover, the facts do not indicate plain error in the district court’s treatment of the jury poll.
While we generally require a fact-finding proceeding at the district court level when dealing with claims of ineffective counsel, U.S. v. Fennell, 53 F.3d 1296, 1303 (D.C.Cir.1995), an exception is made where the factual record is “conclusive” either for or against the defendant. Id. at 1303-04. And when applying the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), “if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.” Id. at 697, 104 S.Ct. 2052.
This is just such a ease. The record shows that Appellant twice indicated that he would not plead to a crime with a mandatory ten-year sentence, a term that is a full five years and eight months less than the minimum of the Guidelines range advocated by Appellant. Indeed, Appellant indicated that he would not accept “any” disposition of the case whatsoever. These rejections are unequivocal, and as such, Strickland prejudice cannot be met. Remand is inappropriate.
As to the Sixth Amendment issue, nothing in the record indicates that Juror # 11 ever sought to abstain. Neither Judge Sullivan nor, evidently, his court reporter ever heard the word “abstain,” nor did Judge Sullivan perceive it afterward when reviewing the clerk’s audio recordings. Neither is the record clear whether the Government’s lawyers recollect hearing the word. If defense counsel noticed it at the hearing, he did not evidence this at the time by objecting.
The district court carefully sought to clarify any questions Juror # 11 might have as to the jury poll or the verdict. At the suggestion of defense counsel, the court specifically asked her during a private bench conference whether she agreed with the guilty verdict, to which she responded affirmatively. Evidently, the source of the Juror # ll’s confusion was her ambivalence toward announcing her guilty vote individually and in public. Nothing, however, indicates that Juror # 11 ever doubted her conclusion that Appellant is guilty of the crimes for which he has been convicted. As with the questioning of jurors in Williams v. U.S., 419 F.2d 740 (D.C.Cir.1969), and U.S. v. Brooks, 420 F.2d 1350 (D.C.Cir.1969), there is no trace of coercion in the district court’s conduct. And in light of Juror # ll’s evident confidence in her guilty vote, it is clear that Appellant is unable to demonstrate that the alleged error negatively implicated his substantive rights.
The judgment of the district court is affirmed.